# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PENNSYLVANIA STATE UNIVERSITY, | : | Civil No. 4:19-CV-01299 |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL L. PARSHALL, d/b/a SPORTS BEER BREWING COMPANY, | : | |
| | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is self-represented Defendant Paul L. Parshall, d/b/a Sports Beer Brewing Company's ("Parshall") two motions to dismiss and a motion to change venue.  (Docs. 15, 41, 42.)  For the reasons that follow, the court will deny all three motions.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, The Pennsylvania State University ("Penn State"), initiated this action via complaint filed on July 26, 2019.  (Doc. 1.)  Parshall timely filed a motion to dismiss, which Penn State responded to by filing an amended complaint on September 24, 2019.  (Docs. 13,14.)  Following the filing of the amended complaint, the court denied Parshall's motion to dismiss as moot.  (Doc. 17.)  The amended complaint sets forth seventeen causes of action: federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114 (Counts I and II); federal unfair competition and false designation of origin (Counts III and IV); federal

trademark dilution under 15 U.S.C. § 1125(c) (Counts V and VI); trademark counterfeiting under 15 U.S.C. § 1114 (Counts VII and VIII); trademark dilution under 54 Pa. Cons. Stat. Ann. § 1124 (Counts IX and X); common law trademark infringement and unfair competition (Count XI and XII); cancellation of certain state trademark registrations under 54 Pa. Cons. Stat. § 1116, 765 Ill. Comp. Stat. 1036/45, and the Lanham Act (Count XIII, XIV, and XV); an injunction against the filing of state or federal trademark registrations that infringe on Penn State's trademark rights (Count XVI); and cybersquatting under the Lanham Act (Count XVII).  (Doc. 14.)

The following facts are gleaned from Penn State's complaint and are taken as true for the purpose of ruling on Parshall's motions to dismiss and for change of venue.[1]  Penn State is Pennsylvania's flagship public university and is famous throughout the world for its educational and athletic programs.  (*Id.* ¶¶ 4, 11, 14.) Penn State has been using "PENN STATE" as "a word and design mark continuously since 1908 for many goods and services."  (*Id.* ¶ 16.)  Since 1908, Penn State has developed a family of marks (hereinafter, "PENN STATE family of marks") with the common feature of the PENN STATE mark.  (*Id.*)  Penn State owns numerous trademarks around the world for PENN STATE and the PENN

---

[1] While the amended complaint provides significant factual detail, the court only summarizes the necessary facts for ruling on the motions before the court.

STATE family of marks, including six United States registered trademarks.  (*Id.* ¶¶ 19–25.)  Similarly, around 1984, Penn State adopted the "Nittany Lion" mascot and has been using the "NITTANY LIONS" mark and images (hereinafter, "NITTANY LION marks") continuously since that time for many goods and services.  (*Id.* ¶ 30.)  Penn State owns numerous registrations globally for the NITTANY LION marks, including five word marks and eleven images that represent the Nittany Lion mascot.  (*Id.* ¶¶ 33–39.)  All of these marks are famous, instantly recognizable, and inherently distinctive.  (*Id.* ¶¶ 26, 29, 32, 42.)

Parshall operates a business known as Sports Beer Brewing Company, which advertises itself as "an intellectual property holding company consisting of a portfolio of sports trademarks, registrations and service marks for sports teams through out [sic] the United States."  (*Id.* ¶¶ 43, 45.)  Through this company, Parshall promotes, advertises, and sells beer and other items through the website sportsbeerbrewing.com.  (*Id.* ¶¶ 43–44.)  Parshall registered two trademarks, "PENN STATE NITTANY BEER" and "PENN STATE NITTANY BREWING CO," in addition to images, with the Pennsylvania Department of State.  (*Id.* ¶¶ 52–53.)  In doing so, Parshall attested that "no other person has registered, either federally or in this Commonwealth or has the right to use such mark."  (*Id.* ¶ 54.)  Penn State was not notified of Parshall's state registrations because of the nature of state trademark registrations.  (*Id.* ¶ 62.)  Parshall has repeatedly obtained

state trademark registrations for marks that are confusingly similar to famous, federally registered marks.  (*Id.* ¶¶ 71–79.)

Once Penn State learned about Parshall's infringing activities in March 2018, Penn State sent Parshall multiple cease and desist letters.  (*Id.* ¶¶ 64, 80–85.) Parshall did not discontinue use of the marks and asked Penn State to purchase the marks from him.  (*Id.* ¶¶ 82–86.)  After Parshall was served in this action, he applied to register PENN STATE NITTANY BEER on the Federal Register.  (*Id.* ¶ 86.)

On October 21, 2019, Parshall, who is self-represented, filed a motion to dismiss the amended complaint.[2]  (Doc. 15.)  Penn State opposed the motion on October 30, 2019.  (Doc. 16.)  On January 7, 2020, Parshall filed a motion to expunge, which Penn State opposed on January 14, 2020.[3]  (Docs. 20, 21.)  On January 14, 2020, Penn State also filed a supplemental brief in opposition to Parshall's motion to dismiss.  (Doc. 22.)  Thereafter, the court held a case management conference by telephone where Parshall was uncooperative, and was not communicating effectively with the court and opposing counsel regarding routine case management issues.  The court ultimately deferred setting a case

---

[2] The court interprets this motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) although Parshall does not explicitly state as such.

[3] Following a review of the motion to expunge, the court will construe this motion as a reply to Penn State's opposition to Parshall's motion to dismiss.

management schedule, and instead referred this matter to a United States

Magistrate Judge for a settlement conference upon agreement of the parties.  (Doc.

26.)  During a telephone conference with Magistrate Judge Joseph F. Saporito, Jr.,

Parshall was once again uncooperative and disrespectful, and a settlement was not

achieved.  The court subsequently scheduled this case for a renewed case

management conference to take place on May 12, 2020.  (Doc. 35.)

On April 21, 2020, Parshall filed two additional motions – a motion to

change venue from Pennsylvania to Florida and another motion to dismiss.  (Docs.

41, 42.)[4]  Penn State filed a brief in opposition to both motions on April 24, 2020.

(Doc. 44.)  Because the time for Parshall to file a reply brief for any of these

pending motions has expired, the motions are now ripe for disposition.

JURISDICTION

Because this case raises federal questions under the Lanham Act, the court

has original jurisdiction pursuant to 28 U.S.C. § 1331, and supplemental

jurisdiction over the state law claims under 28 U.S.C. § 1367(a).  Further, venue is

appropriate pursuant to 28 U.S.C. § 1391(b).

---

[4] Parshall's hand-written motions are difficult to decipher.  The court has construed Parshall's
motion, Doc. 42, as a motion to dismiss under Rule 12(b)(6), and his motion, Doc. 41, as a
motion for change of venue pursuant to 28 U.S.C. § 1404.

### STANDARDS OF REVIEW

### A. Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

In considering a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). This type of motion to dismiss tests the sufficiency of the complaint against the pleading requirements of Rule 8(a) necessitating "a short and plain statement of the claim showing that the pleader is entitled to relief," and giving "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not contain detailed factual allegations, to survive a Rule 12(b)(6) motion, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). However, the court cannot dismiss a complaint simply because "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips*, 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 556–57). Rather, Rule 8 requires "enough facts to raise a

6

reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

### B. Motion to transfer venue under 28 U.S.C. § 1404

Under 28 U.S.C. § 1404(a), a court may transfer venue to any other district court where the civil action might have been brought if it serves the interests of justice and the convenience of the parties. "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960). Although the district court is given the ultimate discretion in transferring venue, the exercise of this discretion should not be liberal. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (citing *Handlos v. Litton Indus., Inc.*, 304 F. Supp. 347, 352 (E.D. Wis. 1969)).

Once the propriety of the proposed venue is determined, the court must then balance a variety of public and private interests, either weighing for or against transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *High River Ltd. P'ship v. Mylan Labs., Inc.*, 353 F. Supp 2d 487, 492 (M.D. Pa. 2005). The Third Circuit Court of Appeals has identified the most commonly considered private and public interest factors when deciding a motion to transfer venue. *Jumara*, 55 F.3d at 879. For private interest factors, the court should consider:

(1) plaintiff's original choice of forum; (2) defendant's forum preference;

(3) whether the claim arose elsewhere; (4) the convenience of the parties—

indicated by their relative physical and financial condition; (5) the convenience of

the witnesses—to the extent that the they may actually be unavailable for trial in

either fora; and (6) the location of books and records—to the extent they cannot be

produced in the proposed forum. *Id.* (internal citations omitted).  In considering

the public interest factors, courts contemplate: (1) the enforceability of the

judgement; (2) practical considerations that could make the trial easy, expeditious,

and inexpensive; (3) the relative administrative difficulty in the two fora resulting

from court congestion; (4) the local interest in deciding local controversies at

home; (5) the public policies of the fora; and (6) the familiarity of the trial judge

with applicable state law in diversity cases. *Id*. at 879–80.

When weighing these public and private interests, the burden is on the

movant to persuade the court that transfer is appropriate. *Shutte*, 431 F.2d at 25.

"[U]nless the balance of convenience of the parties is *strongly* in favor of

defendant, the plaintiff's choice of forum should prevail." *Id*. (quoting *Owatonna*

*Mfg. Co. v. Melroe Co.*, 301 F. Supp. 1296, 1307 (D. Minn. 1969)) (emphasis

supplied).  Thus, a court should not transfer venue "if the net result would be

merely a shift of inconvenience from the defendant to the plaintiff." *Bolles v. K*

*Mart Corp*., No. 01-CV-1118, 2001 U.S. Dist. LEXIS 9301, at *9 (E.D. Pa. July 9,

2001) (quoting *Burstein v. Applied Extrusion Techs., Inc.*, 829 F. Supp. 106, 112 (D. Del. 1992)).

## DISCUSSION

### A. Parshall's motion to dismiss, Doc. 15, will be denied.

Parshall appears[5] to make three arguments in his second motion to dismiss: (1) he has a valid claim to the trademark PENN STATE NITTANY BEER because "Penn State" and "Nittany Lion" are used by other companies; (2) he owns the trademark because it was filed with Pennsylvania, Illinois, and the United States Patent and Trademark Office ("USPTO"); and (3) Penn State never used nor filed the name PENN STATE NITTANY BEER or any other names owned by Parshall. (Doc. 15, pp. 1–2.)[6]  To support these contentions, Parshall attaches several exhibits that appear to be website printouts of other businesses with "Penn State" or "Nittany" in their name; an unidentifiable document with "Lemonade in Class 32" circled; an August 23, 2019 email from "The Trademark Company" to Parshall stating that the "In re Penn State Nittany Beer" trademark was filed with the

---

[5] It merely "appears" to the court that these three arguments are made, because Parshall's motion is largely illegible.  As noted in the court's May 4, 2020 order regarding Penn State's motion to compel, the court previously requested that Parshall type any submissions to Penn State and the court as Parshall's handwriting is not easily readable.  Parshall admits that he has a computer, regularly uses email to communicate with Penn State's counsel, and maintains his Sports Beer Brewing Company website.  Yet, Parshall refuses to type his filings.  While the court will not, at this point, strike Parshall's handwritten filings, the court cautions Parshall again that his points may be lost on a court that can not read them.

[6] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

USPTO; the purported filing of PENN STATE NITTANY BEER with the

Pennsylvania Department of State; a State of Illinois "Certification of

Registration" for "Penn State Nittany Lion Cigars;" and a Wikipedia page

discussing the Lanham Act.  (*Id.* at 3–18.)  Parshall also notes that he will be

eighty years old soon and cannot travel.  (*Id.* at 2.)  In his "motion to expunge,"

which the court is construing as a reply brief, Parshall adds that *Burger King of*

*Florida, Inc. v. Hoots*, 403 F.2d 904 (7th Cir. 1968), requires dismissal of the

amended complaint.  (Doc. 20, p. 1.)

        In opposition, Penn State argues that the motion to dismiss should denied

because factual disputes are not appropriate grounds for dismissal at this stage of

litigation, and the amended complaint properly alleges that Penn States owns

"superior trademark rights that can be enforced against Parshall."  (Doc. 16, pp. 9–

15.)  Penn State also urges the court to reject Parshall's claim that he cannot travel.

(*Id.* at 15.)

### 1.  Factual disputes are not appropriate grounds for dismissal at this stage.

        For a Rule 12(b)(6) motion, the court must accept the facts alleged in the

complaint as true.  *Ashcroft*, 556 U.S. at 678.  Furthermore, at this early stage of

litigation, the only documents that should be considered in deciding a motion to

dismiss are the operative complaint, exhibits attached to the complaint, public

records, and undisputedly authentic documents if the plaintiff's claims are based

on said documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also*

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*, 998 F.2d 1192, 1196 (3d

Cir. 1993) (providing that criminal case dispositions, letter decisions of

government agencies, and published reports of administrative bodies are the types

of public records the court can consider on a motion to dismiss).

Here, Penn State argues that Parshall's motion impermissibly relies on

exhibits that exceed the scope of documents the court can consider in deciding a

motion to dismiss.  (Doc. 16, pp. 9–10.)  Additionally, the motion asserts facts

beyond the amended complaint and asks the court to resolve the ultimate merits of

the case.  (*Id.* at 10–11.)

A review of Parshall's motion demonstrates that he is attempting to argue

the merits of this trademark infringement case by adding new facts and submitting

improper exhibits.  The court cannot consider facts or documents outside of the

amended complaint at this stage of litigation.  Factual disputes must be resolved

through discovery, summary judgment motions, or a trial.  Accordingly, Parshall's

motion to dismiss will be denied on this ground.

### 2.  Additionally, Parshall's motion will be denied because the amended complaint contains plausible allegations.

To survive a 12(b)(6) motion, a complaint must contain sufficient facts

which "state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 570).  A claim is plausible when the facts

pleaded allow the court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Parshall argues that Penn State cannot prevail on its claims because other companies use "Penn State" and "Nittany Lion" in their corporate names; Parshall is the actual owner of PENN STATE NITTANY BEER because of his Pennsylvania and Illinois registrations and USPTO application; and Penn State did not register or use the name PENN STATE NITTANY BEER or other names used by Parshall.  (Doc. 15, pp. 1–2.)  Additionally, Parshall asserts that the amended complaint should be dismissed based on the *Burger King* decision.  (Doc. 20, p. 1.)

In response, Penn State asserts that Parshall's motion lacks merit because Penn State has stated valid claims for relief in its amended complaint.  (Doc. 16, pp. 12–15.)  Specifically, the amended complaint sufficiently alleges that Penn State owns the PENN STATE family of marks and the NITTANY LIONS marks, and that those marks are famous.  (*Id.* at 12.)  Furthermore, Penn State argues that Parshall's application with the USPTO still needs to be reviewed by the USPTO for issues such as confusion with other marks, Parshall was not honest on his state applications, and it is irrelevant that Penn State did not specifically use or register the name PENN STATE NITTANY BEER because Penn State pleads that Parshall is using confusingly similar marks.  (*Id.* at 12–15.)  In Penn State's supplement to

its opposition brief, Penn State alerts the court that the USPTO rejected Parshall's application to register PENN STATE NITTANY BEER.  (Doc. 22, pp. 1–2.)

The court finds that the amended complaint contains plausible allegations. In its fifty-eight-page amended complaint, Penn State details sufficient facts to give Parshall fair notice of the nature of the seventeen trademark-related counts asserted against him. *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555.

As to Parshall's reliance on the *Burger King* decision, the court finds the case inapposite.  The Seventh Circuit Court of Appeals affirmed the district court's finding, following trial, that the plaintiffs had superior rights to the trademark at issue.  *Burger King*, 703 F.2d at 906, 908–09.  It is unclear why Parshall believes that this decision supports his argument that Penn State's amended complaint should be dismissed.  In any event, at this preliminary stage of litigation, the court simply cannot dismiss Penn State's complaint because of Parshall's vague claims to the trademarks.  Thus, Parshall's motion to dismiss will be denied on this ground as well.

### 3.  Parshall's claim that he cannot travel for this litigation is not a valid ground for dismissal.

In his motion to dismiss the amended complaint, Parshall states that he is unable to travel because of his age and health.  (Doc. 15, p. 2.)  This statement is provided without argument or explanation, and it is unclear to the court how, if at all, this statement relates to Parshall's argument for dismissal of the amended

complaint.  Penn States responds to this statement by asserting that it would be

prejudiced if Parshall is not required to travel, especially because Parshall has

chosen to represent himself and his attendance is required at court proceedings.

(Doc. 16, p. 15.)  Parshall's one-sentence statement that his age and health prohibit

him from traveling to Pennsylvania—which is made without explanation or

substantiation—is not a valid basis upon which the court could dismiss this action.

The court will, however, consider this argument in relation to Parshall's request to

change venue.

### B. Parshall's motion to dismiss, Doc. 42, will be denied.

In his third motion to dismiss, Parshall again argues that the *Burger King*

decision applies to this case.  (Doc. 42, p. 1.)  He also appears to assert that

Pennsylvania law and the Lanham Act permit his trademark, and that the only

trademark filed by Penn State was for lemonade, not beer.  (*Id.*)  Penn State argues

that this third motion to dismiss substantially reiterates Parshall's previous

arguments and is procedurally improper.  (Doc. 44, pp. 1–3.)

In his third motion to dismiss, Parshall is simply repeating his arguments

from his earlier filed motion to dismiss.  To the extent Parshall raises any new

arguments in this motion, those arguments are untimely because Parshall was

required to raise any dismissal arguments under Rule 12(b)(6) within twenty-one

days after the filing of Penn State's amended complaint.  *See* Fed. R. Civ. P.

12(a)(1)(A)(i), (b).  Although the court will grant some leeway to self-represented parties, Parshall must still follow the Federal Rules of Civil Procedure.  *See Dacenzo v. Crake*, 3:10-CV-1776, 2011 WL 3796745, at *2 (M.D. Pa. Aug. 26, 2011) (citation omitted).  Parshall appropriately followed the Rules when filing his second motion to dismiss, *see* Doc. 15, but failed to do so here.  Parshall did not make any argument to excuse his lateness or to explain why all arguments in support of dismissal were not presented in the initial motion.  Accordingly, Parshall's motion to dismiss, Doc. 42, will be denied because it is untimely.

**C. Parshall's motion to change venue, Doc. 41, will be denied.**

In his motion to change venue, which the court assumes is made pursuant to 28 U.S.C § 1404, Parshall states that he lives in Naples, Florida, has not traveled outside of Naples in over four years, and cannot travel.  (Doc. 42, p. 1.)  He appears to assert, in support of a change of venue, that there was a "[v]enue change from Oklahoma City in Bombing.com."  (*Id.*)  Parshall argues that based on media coverage, he "could not get a fair trial" in Pennsylvania, and requests that this matter's venue be changed to a court near Naples, Florida.  (*Id.*)  He again attaches the purported filing of PENN STATE NITTANY BEER with the Pennsylvania Department of State, and a December 19, 2019 email from "GALLP" to Parshall explaining his "FLORIDA GATOR BEER" mark refusal.  (*Id.* at 2–3.)

15

Opposing this motion, Penn State argues that Parshall's request should be denied as entirely frivolous in consideration of the private and public interest factors. (Doc. 44, pp. 3–6.)  In addressing these factors, Penn State avers that Parshall has essentially taken the position that he can only be sued in Florida. (*Id.* at 4.)  Penn State notes that Parshall "is a serial litigant who has filed cases across the country *including multiple cases within the Third Circuit* just since this case commenced in 2019." (*Id.* (emphasis in original).)  It then proceeds to list ten cases filed by Parshall since September 4, 2019, in the Districts of Maryland and Delaware. (*Id.* at 4, n.2.)

The court must be judicious in exercising its discretion to transfer venue, and must carefully weigh the private and public interest factors.  Addressing the private interest factors, there is no doubt that Penn State prefers the Middle District of Pennsylvania, while Parshall prefers the Middle District of Florida, the court closest to Naples, Florida.  *See Jumara*, 55 F.3d at 879.  The sole basis for the requested change of venue is that Parshall appears to assert that it would be more convenient for him if this case were transferred due to his claimed inability to travel.  *See id.*  However, as the movant, Parshall bears the burden of persuasion, and Parshall fails to provide any substantiation for his claimed inability to travel. Parshall also does not identify any other private interest in support of transfer, including whether the claim arose elsewhere, the convenience to witnesses, or the

location of books and records.  *See id.*  Similarly, Parshall fails to address any of the public interest factors.  *See id.* at 879–80.  Further, if the court permitted the transfer of venue in this case, it would merely be shifting the inconvenience from Parshall to Penn State.  And, the court is mindful that "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail."  *Shutte*, 431 F.2d at 25 (quoting *Owatonna Mfg. Co.*, 301 F. Supp. at 1307) (emphasis supplied).

Parshall has not met his burden of persuading the court that transfer of this matter to the Middle District of Florida is appropriate.  (Docs. 15, 41, 42.)  Accordingly, the motion to change venue will be denied.

## CONCLUSION

For the reasons stated herein, the court will deny Parshall's motions to dismiss and motion to change venue.  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: May 7, 2020